# Greenbaum Rowe Smith & Davis LLP

**COUNSELORS AT LAW**

METRO CORPORATE CAMPUS ONE
P.O. BOX 5600
WOODBRIDGE, NJ 07095-0988
(732) 549-5600    FAX (732) 549-1881

DELIVERY ADDRESS: 99 WOOD AVENUE SOUTH, ISELIN, NJ 08830-2712
INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

ROSELAND OFFICE:
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600
FAX (973) 535-1698

NEW YORK OFFICE:
747 THIRD AVENUE
2ND FLOOR
NEW YORK, NY 10017
(212) 847-9858

**CHRISTOPHER ADAMS**
CHAIR, CRIMINAL DEFENSE & REGULATORY COMPLIANCE GROUP
(732) 476-2692 - DIRECT DIAL
(732) 476-2693 - DIRECT FAX
CADAMS@GREENBAUMLAW.COM

March 19, 2020

Hon. Edward S. Kiel, U.S.M.J.
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Courtroom 8, Newark, NJ 07102

   Re: **United States v. Gregory Cooper**
      **Criminal No. 19- 00112 (MCA)**

Dear Judge Kiel:

  Please accept this letter in lieu of a more formal motion for bail. It is being submitted to Your Honor on short notice consistent with the invitation made during the bail review hearing on Monday, March 16, 2020. Defendant Gregory Cooper submits this letter brief in support of his motion for bail pending sentencing. Specifically, Mr. Cooper requests that he be permitted to be released on the following conditions:

  1. Pretrial Services Supervision;
  2. Home Incarceration at the residence of his **Aunt, Denise Shelton at** ▮▮▮▮▮ ▮▮▮▮▮, with electronic monitoring: 24 hour lock-down except for medical necessities and court appearances, or other activities specifically approved by the court.
  3. For the purpose of Location Monitoring, the defendant shall install a land line telephone in his/her residence within 5 days of release, unless waived by Pretrial Services.
  4. Surrender all passports/travel documents. Do not apply for new travel documents.
  5. Substance abuse testing and/or treatment as directed by Pretrial Services.
  6. Third Party Custodian: **Denise Shelton,** ▮▮▮▮▮ ▮▮▮▮▮.

  The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required . . . ." U.S. Const. Amend. VIII. Although the Eighth Amendment does not "grant an absolute right to bail, there is a substantive liberty interest in freedom from confinement." *United States v. Perry*, 788 F.2d 100, 112 (3d Cir. 1986). Furthermore, the subject of bail and detention also implicates the Fourteenth Amendment's Due Process Clause, and requires that laws

Hon. Edward S. Kiel, U.S.M.J.
March 19, 2020
Page 2

imposing pretrial detention "serve a compelling governmental interest." *United States v. Salerno*, 481 U.S. 739, 752 (1987).

In recognition of such principles, the Bail Reform Act of 1984 (the "Act"), which governs release and detention determinations in federal criminal proceedings, provides "that upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall make a determination regarding bail status of the defendant, and shall enter an order designating a defendant's custodial status" under one of four categories:

> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
> (2) released on a condition or combination of conditions under subsection (c) of this section;
> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
> (4) detained under subsection (e) of this section.

18 U.S.C. § 3142 (a).

The Act's provisions "effectively limit judicial consideration . . . to two relevant criteria: the risk that the defendant will flee and the risk that he will pose a danger if admitted to bail." *See United States v. Provenzano*, 605 F.2d 85, 93 (3d Cir. 1979) (addressing similar criteria in the context of a bail pending appeal application pursuant to 18 U.S.C. § 3143, in which the standard for release is even higher than that imposed in connection with a bail pending trial application pursuant to 18 U.S.C. § 3142). In addition, the Act "imposes a duty on federal courts not only to determine whether an applicant poses such risks, but also to measure them "in terms of conduct that cannot be reasonably safeguarded against by an imposition of conditions upon the release." *Id.* at 93-94.

When making a determination regarding the eligibility of a defendant for pretrial release (whether on personal recognizance, an unsecured appearance bond, or conditions), the Bail Reform Act directs that the following factors must be considered:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

Hon. Edward S. Kiel, U.S.M.J.
March 19, 2020
Page 3

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
 (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.*

  If a judicial officer determines that release upon personal recognizance or upon execution of an unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person" subject to the conditions that the person not commit a crime during the period of release, cooperation in the collection of a DNA sample if such a collection is authorized, and "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142 (c) (emphasis added).

  Here, the prior issues that Pretrial Services reported to the Court all surrounded the environment in which Mr. Cooper found himself in – living at his father's house. From the first appearance before the Court, I alerted pretrial services and the Court to the issues surrounding Mr. Cooper's father and implored Pretrial Services to allow Mr. Cooper to live with his mother. Because of a prior issue with his sister that no longer exists, he was not permitted to live with his mother and went to live in Willingboro with his father. I am sure he is thankful that his father took him in, but the tension that relationship created infected everything. For example, Mr. Cooper does not have a driver's license and was dependent upon his father for transportation. In one instance, he was required to leave his home at exact times for meetings with me at the US Attorney's office, however, his father unilaterally changed them and arrived at the Newark Office of the US Attorney nearly 2 hours late. Your Honor experienced Mr. Cooper's father treating court appearance times as suggestions earlier in the year when they arrived at a bail review 2 hours late. Even the recent violations were a result of conflict with his father over his girlfriend. Most of the conduct which gave rise to Pretrial's concern was related to his father. This new situation with his Aunt would alleviate that concern.

  The combination of conditions that have been suggested are undoubtedly sufficient to address safety concerns or any issue as to whether Mr. Cooper will appear in Court as directed. He is asking that he be permitted to live with his Aunt, or a suitable alternative approved by Pretrial Services. To be sure, a defendant's ties to the community are among the factors to be considered by a judicial officer when he is "determining whether there are conditions of release that will reasonably assure" the defendant's appearance or community safety. 18 U.S.C. § 3142(g)(3)(A).

Hon. Edward S. Kiel, U.S.M.J.
March 19, 2020
Page 4

      Accordingly, we respectfully request that Court grant Mr. Hills bail with the combination of conditions suggested.  Thank you for Your Honor's consideration.

                              Respectfully,

                              CHRISTOPHER D. ADAMS

CDA:ls
cc:    AUSA Christopher Amore
       USPTS